DANIEL G. BOGDEN
United States Attorney
District of Nevada
SARAH E. GRISWOLD
BRIAN PUGH
Assistant United States Attorneys
333 Las Vegas Boulevard South
Suite 5000
Las Vegas, Nevada  89101
702-388-6336
Fax: 702-388-5087

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No.: 2:13-cr-00083-02-APG-CWH |
| Plaintiff, | ) **STIPULATION FOR PROTECTIVE ORDER** |
| vs. | ) |
| DERRICK PHELPS, | ) |
| Defendant. | ) |

IT IS HEREBY STIPULATED AND AGREED between the parties, Daniel G. Bogden, United States Attorney for the District of Nevada, Sarah E. Griswold and Brian Pugh, Assistant United States Attorneys, and Derrick Phelps, and his counsel, David Z. Chesnoff, that this Court issue an Order protecting from disclosure to the public any discovery documents containing the personal identifying information such as social security numbers, drivers license numbers, dates of birth, or addresses of participants, witnesses and victims in this case.  Such documents shall be referred to hereinafter as "Protected Documents."  The parties state as follows:

1. Discovery in this case is voluminous. Many of the documents include personal identifiers. Redacting the personal identifiers of participants, witnesses, and victims would prevent the timely disclosure of discovery to defendants.

2. The United States agrees to provide Protected Documents without redacting the personal identifiers of participants, witnesses, and victims.

3. Access to Protected Documents will be restricted to persons authorized (authorized person) by the Court, namely the defendant, attorney(s) of record and attorneys' paralegals, investigators, experts, secretaries, file clerks, law clerks, contractors, vendors, IT Department, and copy centers employed by the attorney(s) of record or performing on behalf of defendant.

4. The following restrictions will be placed on defendant, defendant's attorney(s) and the above-designated individuals unless and until further ordered by the Court. Defendants, defendants' attorneys and the above-designated individuals shall not:

    a. make copies of the Protected Documents for, or allow copies of any kind of the Protected Documents be made for, any person that is not an authorized person;

    b. allow any other person to read the Protected Documents; and,

    c. use the Protected Documents for any other purpose other than preparing to defend against the charges in the Superseding Indictment or any further superseding indictment arising out of this case.

5. Defendant's attorney(s) shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

6. The restrictions shall not restrict the use of Protected Documents during the trial of or judicial proceedings in this matter.

7. By the date of sentencing in this matter, or seven days after acquittal, whatever the case may be, the defendant shall return to defense counsel the copy of Protected Documents defense counsel furnished to defendant, defense counsel shall certify that the defendant has returned the copy of the Protected Documents, or if the defendant has failed to return the documents, defense counsel shall certify that the defendant has failed to do so.

8. By the date of sentencing in this matter, or seven days after acquittal, whatever the case may be, defense counsel shall direct all other authorized persons to return copies of Protected Documents to defense counsel's office and shall certify that the authorized persons have returned the Protected Documents, or if the Authorized Persons have failed to return the documents, defense counsel shall certify that the Authorized Persons have failed to do so.

9. At the conclusion of this action, defense counsel shall return to government counsel or destroy and certify to government counsel the destruction of all copies of Protected Documents in defense counsel's possession, including copies of Protected Documents previously in the possession of all authorized persons and returned to defense counsel. This action will be deemed concluded after the completion of the final appeal in this matter, or if no appeal was filed, then the expiration of the statute of limitations for the filing of any final appeal of any matter, including collateral review.

DANIEL G. BOGDEN  
United States Attorney

/s/ Sarah E. Griswold                                                April 16, 2013  
SARAH E. GRISWOLD                                             DATE  
BRIAN PUGH  
Assistant United States Attorneys

1  CHESNOFF & SCHONFELD

2  _____      4-16-13
   DAVID Z. CHESNOFF              _____
3  Counsel for Derrick Phelps        DATE

4  _____      4-16-13
                                  _____
5  DERRICK PHELPS                    DATE

6

7

8  IT IS SO ORDERED.

9  _____

10 UNITED STATES MAGISTRATE JUDGE

11 DATED: _____April 18, 2013_____

4