# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No.  2:13-cr-00083-JCM-CWH |
| vs. ) | **Report & Recommendation** |
| DERRICK PHELPS, et al., ) | |
| Defendants. ) | |

      This matter was referred to the undersigned Magistrate Judge on Defendants' Joint Motion to Dismiss Count 1 of the Indictment (#49), filed November 15, 2013; the Government's Response (#54), filed December 5, 2013; and Defendants' Reply (#60), filed December 10, 2013.[1]  The Court conducted a hearing in this matter on January 29, 2014.[2]

## BACKGROUND

      On March 6, 2013, the Grand Jury returned an Indictment charging Defendants with conspiracy to commit bank fraud, mail fraud, and wire fraud in violation of 18 U.S.C. § 1349. Defendants were also charged with seven counts (identified in counts 2-8 of the Indictment) of bank fraud in violation of 18 U.S.C. § 1344.  The Government seeks forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 2461(c).  Count One of the Indictment charges Defendants with conspiracy to commit bank fraud, mail fraud, and wire fraud in violation of 18 U.S.C. § 1349.  Section 1349 provides that "[a]ny person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which

---

[1] Defendant Linda Mack has joined the motion and the briefing related thereto.  (#53) (#62) (#63).

[2] The hearing did not include the calling of any witnesses.  The parties, through their respective counsel, presented oral argument on a series of motions then pending, including the motion currently under consideration.

was the object of the attempt or conspiracy." The underlying offenses for which the conspiracy count is charged are bank fraud, mail fraud, and wire fraud in violation of 18 U.S.C. §§ 1344, 1341, 1343 respectively. The Indictment includes the allegation that "Defendants' conspiracy to violate [section 1341 and section 1343] affected at least one federal insured financial institution." The conspiracy allegedly began in or around January 2003 and continued to on or about November 2006. It is further alleged that the objective of the conspiracy was "to obtain mortgage loans from financial institutions by causing materially false information to be placed in the buyers' mortgage loan applications and supporting documentation[,]" causing money from the mortgage loans to be disbursed to Defendants' own use and benefit. *Id*. at ¶ 3. This was done through approximately 233 transactions with a combined purchase price in excess of $83,000,000.00. *Id*.

By way of the motion currently under consideration, Defendants request an order dismissing Count One because (1) the referenced 233 transactions includes entities that were not "financial institutions" during the time period for which the conspiracy is alleged, and (2) it includes transactions within the conspiracy period that are now barred by the applicable statute of limitations. Defendants argue that many of the alleged 233 transactions that occurred during the conspiracy period did not affect "financial institutions" as that term is defined by statute. Both parties acknowledge a change to the statutory definition of "financial institution" in 2009, and Defendants argue that retroactive application of this new definition would violate the Constitution's Ex Post Facto clause. Defendants further argue that in addition to some of the alleged transactions not affecting a "financial institution," any alleged transactions during the identified conspiracy period involving mail fraud or wire fraud are necessarily excluded because the indictment was filed after the applicable statute of limitations on such charges.[3] Defendants have included a representative sample of transactions occurring during the conspiracy period that were allegedly improperly included within the 233 transactions disclosed during discovery. *See* Ex. 2 attached to Defs' Mot. (#49).

---

[3] In support of this argument, Defendants cite *Bridges v. United States*, 346 U.S. 209 (1953) for the general proposition that "a charge of conspiracy to commit a certain substantive offense is not entitled to a longer statute of limitation than the charge of committing the offense itself."

The Government opposes the motion arguing that the indictment sufficiently distinguishes between "federally insured financial institutions" and the broader category of "financial institutions." It argues that the ten-year statute of limitations set forth in 18 U.S.C. § 3293(1) applies to the violation of or conspiracy to violate section 1344 (bank fraud). It further argues that, pursuant to section 3293(2), a ten-year statute of limitations applies to the violation of or conspiracy to violate section 1341(wire fraud) and section 1343 (mail fraud) because the offenses affected at least one "federally insured financial institution." Lastly, the Government argues that conduct occurring outside the statute of limitations for specific acts is admissible as to the conspiracy allegation because "conspiracy is a continuing offense[] and the government must only allege and prove that the conspiracy continued into the limitations period."

In reply, Defendants contend that the Government misconstrues the grounds upon which the dismissal is sought. Defendants reiterate that they cannot be prosecuted for alleged transactions involving entities that were not defined as "financial institutions" at the time of the identified conspiracy period. They assert that the Government should not be permitted to circumvent the five-year statute of limitations for mail fraud and wire fraud as set forth in 18 U.S.C. § 3282 by tacking on transactions with non-financial institutions that are time-barred. Thus, "any non-financial institution identified during the alleged conspiracy cannot serve as a basis for a charge of Conspiracy to Commit Bank Fraud or substantive Bank Fraud." Considering that the conspiracy charge includes underlying offenses barred by the applicable limitations period, Defendants argue that Count 1 is invalid and should be dismissed.

## **ANALYSIS**

Both parties have found and cited to a recent case in this District that dealt with what the undersigned views is a substantially similar issue as presented here: *United States v. Gardley, et al.*, 2:10-cr-236-GMN-PAL. In *Gardley*, United States Magistrate Judge Peggy Leen entered a Report and Recommendation wherein she analyzed the propriety of determining the applicable statute of limitations in the context of a motion to dismiss an indictment. *See United States v. Gardley, et al.*, 2:10-cr-236-GMN-PAL, Report and Recommendation (#233), *adopted by* 2013 WL 4786208. Judge Leen concluded that the motion to dismiss the indictment was a "'premature

challenge to the sufficiency of the government's evidence'" and that the statute of limitations issue is "'intermeshed with questions going to the merits.'" 2013 WL 4786208 *10 (citation omitted). The undersigned finds the analysis set forth by Magistrate Judge Leen on point and concludes that here, as in *Gardley*, Defendants have requested a remedy that is "substantially founded upon and intertwined with evidence concerning the alleged offense . . . [that] falls within the province of the ultimate finder of fact and must be deferred." *See Id.* (citing *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) (citations omitted)).

Federal Rule of Criminal Procedure 12(b) provides that "[a]ny defense, objection, or request that the court can determine without trial of the general issue" may be raised by pretrial motion. A motion to dismiss is generally capable of determination before trial "if it involves questions of law rather than fact." *See United States v. Yip*, 248 F. Supp. 2d 970, 972 (D. Haw. 2003) (citing *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.), *cert. denied*, 478 U.S. 1007 (1986)). Generally, the court should not consider evidence appearing outside the four corners of the indictment and "must accept the facts alleged in that indictment as true." *United States v. Ruiz-Castro*, 125 F. Supp. 2d 411, 413 (D. Haw. 2000) (*citing Winslow v. United States*, 216 F.2d 912, 913 (9th Cir. 1954), *cert. denied*, 349 U.S. 922 (1955)). The indictment itself should be "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993) (*citing United States v. Buckley*, 689 F.2d 893, 899 (9th Cir. 1982), *cert. denied*, 460 U.S. 1086 (1983)). The court's inquiry must end there. Arguments directed at the merits of the claims must be left for trial.

The Ninth Circuit has instructed that Rule 12(b) motion are usually appropriate to consider legal issues, including the statute of limitations. *See United States v. Smith*, 866 F.2d 1092, 1096 n. 3 (9th Cir. 1989). However, where legal issues are "intermeshed with questions going to the merits, the issue should be determined at trial." *See United States v. Nukida,* 8 F.3d, 665, 670 (9th Cir.1993) (citation omitted), *cert. denied,* 484 U.S. 969 (1987)), *appeal after remand,* 87 F.3d 1324 (9th Cir.1996). In determining pretrial motions to dismiss, the court may not "invade the province of the ultimate finder of fact." *Nukida*, 8 F.3d at 669. Pretrial motions requiring the court to decide

4

issues of fact should only be decided if the fact determinations are "entirely severable from the evidence to be presented at trial." *Id*. A "motion to dismiss the indictment cannot be used as a device for summary trial of the evidence." *Boren*, 278 F.3d at 914 (citation omitted).

The dispute regarding the applicable statute of limitations is relatively straightforward. Defendants claim that many of the 233 transactions alleged in the conspiracy charge fall outside the five-year statute of limitations for wire fraud and mail fraud pursuant to 18 U.S.C. § 3282(a). The Government argues that ten-year statute of limitations set forth in 18 U.S.C. § 3293(1) and (2) applies to the conspiracy charge. Section 3282(a) provides that "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." Section 3293(1), in turn, provides a ten-year statute of limitations for violation or conspiracy to violate certain enumerated statutes, including 18 U.S.C. § 1344 (bank fraud). Section 3293(2) provides a ten-year statute of limitations for violation of or conspiracy to violate both 18 U.S.C. § 1341 (mail fraud) and 18 U.S.C. § 1343 (wire fraud) "if the offense affects a financial institution." The indictment here alleges that Defendants engaged in a conspiracy to commit wire fraud, bank fraud, and mail fraud in violation of 18 U.S.C. § 1349. The indictment specifically alleges that "Defendants' conspiracy to violate [Sections 1341 and 1343] affected at least one federally insured financial institution," which expressly incorporates the language of section 3293(2) for purposes of calculating the statute of limitations.

As succinctly and accurately stated in *Gardley*, "[w]hether [section 3282(a)] or [section] 3291(1) and (2) applies depends on what, if anything, the government is able to prove at trial." 2013 WL 4786208 * 7. As in *Gardley*, the indictment clearly alleges that the object of the conspiracy was to obtain mortgage loans from financial institutions by causing materially false information to be placed in straw buyers' loan applications and supporting documentation. *See* Indictment (#1) at ¶¶ 3, 4. It further alleges that Defendants obtained money and property from financial institutions by causing funds obtained from the scheme to be disbursed for their own use. *Id*. The allegations concerning the manner and means by which the conspiracy was accomplished are various. If the jury finds Defendants violated or conspired to violate section 1344 (bank fraud),

the ten-year statute of limitations applies. *Gardley*, 2013 4786208 *7. If the jury finds Defendants conspired to violate sections 1341 and 1343, the five-year statute of limitations of section 3282 would apply. If, however, the jury finds that Defendants violated or conspired to violate sections 1341 and 1343 and that conspiracy affected a "financial institution" the ten-year statute of limitations in section 3293(2) would apply. This issue is directly intermeshed with questions going to a material element of the charge and, therefore, falls within the "province of the ultimate finder of fact and must be deferred." *Nukida*, 8 F.3d at 669-72 (finding that courts should not decide pretrial motions to dismiss when called upon to determine a material element of an offense charged in the defense because it is not the proper avenue to determine a factual defense.). As in *Gardley*, this motion to dismiss presents a legal question that is substantially found on and intertwined with evidence concerning the alleged conspiracy itself and is properly reserved for the trier of fact. *Gardley* 2013 WL 4786208 *11. Whether the Government can prove the conspiracy is for the jury to decide.

The undersigned acknowledges that Defendants have raised important factual questions regarding some of the identified 233 transactions underlying the conspiracy charge. The definition of "financial institution" will no doubt be important at trial. The law currently defines "financial institution" to include a federally insured financial institution. *See* 18 U.S.C. § 20(1). The parties agree that this definition was changed in 2009. The prior definition did not include entities that were non-federally insured mortgage lending businesses. At the hearing, the Government identified at least two federally insured financial institutions which are included in Count One. The indictment also alleges that "Defendants' conspiracy to violate [Sections 1341 and 1343] affected at least one federally insured financial institution." Thus, on its face, the indictment is sufficient even if some of the evidence is not.

Defendants have provided a list of 32 representative transactions (claiming there are others) included in the 233 transactions disclosed during discovery which involve non-federally insured financial institutions. *See* Ex. 2 attached to Defs' Mot. (#49). However, asking the court to rule on the validity of this evidence in the context of pretrial motion to dismiss the indictment is akin to requesting "summary trial of the evidence," which is inappropriate. *E.g. Boren*, 278 F.3d at 914

(citation omitted). Count One clearly alleges that the conspiracy to commit mail and wire fraud affected at least one federally insured financial institution. Some of the transactions among the 233 identified in discovery may be outside of the statute of limitations. Some may not. The Court is not inclined to make a summary disposition of the entire count based on summary review of only a portion of the evidence. In reviewing the indictment, courts "accept the facts alleged in the indictment as true." *Winslow*, 216 F.2d at 913. Accepting the allegations set forth in the indictment as true, the undersigned finds that the conspiracy charge, including consideration of the ten-year statute of limitations for conspiracy to commit mail and wire fraud affecting financial institution set forth in section 3293(2), is sufficient.

## CONCLUSION

Ultimately, the issue presented here comes down to what transaction among the 233 identified in the indictment can be proved to sustain the charges. The undersigned strongly advises the parties to meet and confer to identify what transactions will be used to prove the conspiracy charge prior to trial. However, it is not appropriate for the Court to dismiss Count One based on a summary review of a limited portion of the evidence.

Based on the foregoing and good cause appearing therefore,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendants' Joint Motion to Dismiss Count 1 of the Indictment (#49) be **denied**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: March 20, 2014.

                                                  _____
                                                  **C.W. Hoffman, Jr.**
                                                  **United States Magistrate Judge**