# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:13-CR-83 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| DERRICK PHELPS, et al., | |
| Defendant(s). | |

Presently before the court is defendant Derrick Phelps' ("defendant") motion "for judicial recommendation concerning length of RRC/direct home confinement placement." (ECF No. 296). The United States of America ("the government") filed a response. (ECF No. 297). Defendant has not filed a reply, and the time to do so has passed.

**I.     Facts**

On December 2, 2014, defendant was sentenced to a total of 70 months' imprisonment pursuant to his conviction for various counts of fraud and conspiracy to commit fraud. (ECF No. 168).

On January 28, 2019, defendant filed the instant motion requesting that the court recommend to the Bureau of Prisons ("BOP") that he be released on home confinement for the last nine (9) to twelve (12) months of his sentence, pursuant to 18 U.S.C. § 3621. (ECF No. 296). The court now considers defendant's motion.

**II.    Legal Standard**

A federal defendant who has been convicted and sentenced to a term of imprisonment is committed to the custody of the BOP. 18 U.S.C. § 3621(a). The BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b); *see United States v. Ceballos*, 671 F.3d

852, 855 (9th Cir. 2011) (recognizing that the BOP "has the statutory authority to choose the locations where prisoners serve their sentence").

Pursuant to 18 U.S.C. §§ 3621(b) and 3624(c), the BOP has discretion to place an inmate in a residential reentry center ("RRC") and/or home confinement. *See Sacora v. Thomas*, 628 F.3d 1059, 1061-62 (9th Cir. 2010) (recognizing that these two "statutory provisions govern the BOP's authority to place inmates in its custody in RRCs"). Section 3621(b) authorizes the BOP to "designate the place of the prisoner's imprisonment" generally upon consideration of, among other factors:

> (4) any statement by the court that imposed the sentence—
>
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> (B) recommending a type of penal or correctional facility as appropriate.

*Id.*

Section 3624(c)(1), as amended by the Second Chance Act ("SCA"), directs the BOP "to the extent practicable, ensure that a prisoner" spends a portion of the last 12 months of that term of imprisonment in an appropriate setting to "prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). An appropriate placement may include an RRC or "home confinement." 18 U.S.C. § 3624(c)(2). The SCA also requires the BOP to issue regulations designed to ensure that RRC placements are (1) "conducted in a manner consistent with section 3621(b)," (2) "determined on an individual basis," and (3) "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6).

## III. Discussion

In his motion, defendant acknowledges that the SCA grants the BOP the authority to place a prisoner on home confinement for the final months of his or her sentence. *See* (ECF No. 296). Accordingly, defendant requests that the court make a recommendation to the BOP that defendant be placed on home confinement for the last 12 months of his sentence. *Id.* Defendant asserts that he is an ideal candidate for this form of relief, as he does not pose a threat to public safety, is unlikely to recidivate, and will have access to employment and a strong family support system upon his release. *Id.*

However, defendant's motion is deficient for two reasons.  First, defendant fails to cite any law or binding precedent demonstrating that the court has the authority to make such a recommendation to the BOP. *Id.* Indeed, the plain language of the SCA directs the BOP, not the court, to ensure that eligible prisoners are afforded home confinement relief under the act. *See* 18 U.S.C. § 3624. *See also United States v. Bishop*, 2015 WL 13235851, at *2 (D. Ha. Oct. 2, 2015) ("But, [d]efendant cites no authority under which this court may make a *post judgment* recommendation regarding re-entry placement. Nor can the court find persuasive authority.") Therefore, absent any binding Ninth Circuit precedent, the court will not extend the plain language of the SCA by making such a recommendation to the BOP.

Second, defendant offers no extrinsic evidence to support his argument that he has a spotless prison record or that he has access to adequate housing and stable employment should the BOP elect to release him to home confinement for the final portion of his sentence. *See* (ECF No. 296).  Therefore, even if the court could exercise such discretion, it lacks sufficient information to make an informed recommendation.  Because the BOP is better suited to evaluate whether and to what extent home confinement is appropriate in this case, the court will not encroach upon its specifically delegated authority under the SCA.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for "judicial recommendation concern length of RRC/direct home confinement placement" (ECF No. 296) be, and the same hereby is, DENIED.

IT IS SO ORDERED.

DATED May 29, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**